UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DUSTAN HALE                                                                      PLAINTIFF

vs.                                                  CIVIL ACTION NO. 3:18-CV-2-CRS-RSE

BOYLE COUNTY, KENTUCKY, ET AL                                         DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. DN 31. The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court will **GRANT** the motion.

## BACKGROUND

This case arises from allegations that Defendant Thomas Pennington, a deputy sheriff at Boyle County Sheriff's Office, raped, sodomized, and sexually abused Plaintiff Dustan Hale. DN 1. Hale was incarcerated at Marion County Detention Center and required monthly transport to Boyle County for court appearances. *Id.* at ¶ 1. Hale alleges that it was during these monthly transports that the sexual abuse occurred. *Id.* Hale eventually became pregnant and endured the entire course of her pregnancy, including labor, delivery, and post-partum recovery, while incarcerated. *Id.* at ¶ 17. On January 2, 2018, Hale filed her complaint against Pennington, Boyle County, Marion County, Boyle County Sheriff Derek Robbins, and Marion County Jailer Barry Brady asserting claims under 42 U.S.C. § 1983 and Kentucky state law. DN 1.

Hale moves for leave to file a first amended complaint solely for the purpose of adding a state law battery claim against Pennington. DN 31. Her first amended complaint "does not add, remove, or modify any factual allegation or cause of action included in her original complaint." *Id.* Pennington objects, arguing (1) that Hale filed her original complaint over a year ago; and (2)

"ample discovery" has already occurred, including the deposition of Hale. DN 35. Despite objecting to Hale's motion, Pennington acknowledges that "leave to amend under [Fed. R. Civ. P. 15(a)] is to be freely given and [Pennington] cannot cite this Court to any authority that would require the Court to deny this Motion." *Id.*

## DISCUSSION

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The district court "should freely give leave when justice so requires." *Id.*

Pennington does not assert that he will suffer any prejudice if the amendment is permitted – a fact that Hale is quick to point out in her reply. Hale states that the amendment would not prejudice Pennington or any other Defendant because Defendants have already "questioned Hale at length about her factual allegations, which are the same factual allegations that support her battery claim." DN 37. Pennington's only argument against the amendment is that the matter has been pending for over a year during which ample discovery, including Hale's deposition, has taken place. However, unjustified delay may not be the only basis for denial of relief where the amendment would result in little to no prejudice to the defendant. *See Moore v. City of Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986) (stating that failure to provide justification for tardy filing is insufficient by itself for a court to deny leave to amend).

The amended complaint seeks only to add a state law claim of battery which arises from the same factual allegations that serve the basis for Hale's other claims. These facts are well known to the parties and were pled in the original complaint. Accordingly, the Court envisions no prejudice to Pennington from granting leave to amend.

**ORDER**

For the reasons set forth hereinabove and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to File First Amended Complaint (DN 31) is **GRANTED**. The Clerk of Court is instructed to file the amended complaint attached to Plaintiff's motion.

April 5, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**