UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| DUSTAN HALE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-2-CRS-RSE |
| | ) | |
| BOYLE COUNTY, KENTUCKY, *et al* | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

### **PRELIMINARY STATEMENT**

1.    While Dustan Hale was incarcerated at Marion County Detention Center, she required a monthly transport to Boyle County for court appearances. During those monthly transports, Boyle County Deputy Sheriff Thomas Pennington raped Hale multiple times.  Hale became pregnant because of Pennington's rapes. Pennington acted recklessly enough in abusing Hale that Defendants Boyle County, Marion County, Boyle County Sheriff Derek Robbins, and Marion County Jailer Barry Brady knew about Pennington's abuse or had sufficient suspicion to investigate but did nothing.  Hale seeks damages caused by Defendants' conduct pursuant to the Fourteenth Amendment to the United States Constitution, the Civil Rights Act of 1871, Kentucky common law, and KRS 446.070.

## PARTIES AND JURISDICTION

2.      Dustan Hale is a resident of the Commonwealth of Kentucky, who is currently incarcerated at the Kentucky Correctional Institution for Women in Pewee Valley, Kentucky.  At all times relevant to this Complaint, she was in the custody of the Boyle County Sheriff's Office, Boyle County Detention Center, or Marion County Detention Center.

3.      At all times relevant to this Complaint, Defendant Boyle County, Kentucky was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all Boyle County officers, employees, and independent contractors, and was responsible for the employment, training, supervision, discipline, and conduct of all Boyle County officers, employees, and independent contractors.

4.      At all times relevant to this Complaint, Defendant Marion County, Kentucky was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all Marion County officers, employees, and independent contractors, and was responsible for the employment, training, supervision, discipline, and conduct of all Marion County officers, employees, and independent contractors.

5.      At all times relevant to this Complaint, Defendant Derek Robbins was the Boyle County Sheriff.  He was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all officers, employees, and independent

contractors at Boyle County Sheriff's Office, and was responsible for the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at BCSO.  He personally and directly participated in Hale's mistreatment.  He is sued in his individual capacity.

6.     At all times relevant to this Complaint, Defendant Barry Brady was the Marion County Jailer.  He was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at Marion County Detention Center, and was responsible for the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at MCDC.  He personally and directly participated in Hale's mistreatment.  He is sued in his individual capacity.

7.     At all times relevant to this Complaint, Defendant Thomas Pennington was a deputy sheriff at BCSO.  He was responsible for the safety of detainees in his custody.  He personally and directly participated in Hale's mistreatment.  He is sued in his individual capacity.

8.     This Court has subject matter jurisdiction over this action and venue is proper.  Plaintiff's claims involve an amount more than the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in this judicial District.

## FACTUAL ALLEGATIONS

9.      In November 2016, Hale was arrested and incarcerated in Marion County Detention Center.

10.     Because Hale faced charges in Boyle County, the Boyle County Sheriff's Office transported Hale from Marion County to and from Boyle County from December 2016 through April 2017.

11.     From January through April 2017, Pennington transported Hale at least seven times.

12.     Pennington transported Hale each time without a non-detainee woman present, in violation of BCSO and MCDC policy.

13.     Most times Pennington transported Hale, he kept her in his custody for longer than reasonably necessary, in violation of BCSO and MCDC policy.

14.     Most times Pennington transported Hale, he kept her in custody while he picked up inmates in other counties, which was not authorized by the relevant transport orders.  Further, it required Pennington to take Hale into county jails to which Pennington was not authorized to take her.  This conduct violated BCSO and MCDC policy.

15.     On multiple occasions during those transports, Pennington raped, sodomized, and sexually abused Hale.

16.     Hale did not, and could not by law, consent to any of Pennington's abuse.

17.     Because of Pennington's rapes, Hale became pregnant.  Hale endured her entire course of pregnancy, prenatal care, labor, delivery, and post-partum recovery while incarcerated.

18.     One or more of Defendants Boyle County, Marion County, Robbins, and Brady were aware of Pennington's policy violations or had information available to them that would have caused them to investigate Pennington's conduct. However, they chose to permit Pennington to continue transporting Hale.

19.     One or more of Defendants Boyle County, Marion County, Robbins, and Brady were aware of Pennington's abuse of Hale or had information available to them that would have caused them to investigate Pennington's conduct. However, they chose to permit Pennington to continue transporting Hale.

20.     Defendants Robbins, Brady, and Pennington acted in accordance with their training by Defendants Boyle County, Marion County, and Robbins.

21.     Defendants Boyle County, Marion County, Robbins, and Brady were aware that Defendants Robbins and Brady did not respond reasonably to reports or suspicion of sexual abuse and intentionally chose not to intervene.

22.     Because of Defendants' conduct described above, Defendants severely injured Hale, for which she is entitled to recover actual damages in an amount to be determined at trial.

**COUNT 1:**
**FOURTEENTH AMENDMENT – 42 U.S.C. § 1983**
**(ALL DEFENDANTS)**

23.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

24.     Defendant Pennington's sexual abuse subjected Hale to a strong likelihood of serious harm.

25.     Defendants were aware of this strong likelihood that Hale would be harmed or strongly suspected facts showing a strong likelihood that Hale would be seriously harmed but refused to confirm whether these facts were true.

26.     Defendants' awareness or strong suspicion can be inferred from the fact that the risk was obvious.

27.     Defendants consciously failed to take reasonable measures to prevent harm from occurring.

28.     Hale would not have been harmed or would have suffered less harm if Defendants had taken reasonable measures.

29.     Defendants acted under color of law.

30.     Defendants' conduct severely injured Hale.

31.     In addition to compensatory damages, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 2:
## FOURTEENTH AMENDMENT – 42 U.S.C. § 1983[1]
## (ALL DEFENDANTS)

32.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

33.     Alternatively, Defendants made an intentional decision with respect to the conditions under which Hale was confined.

34.     Those conditions put Hale at substantial risk of suffering serious harm.

35.     Defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct obvious.

36.     By not taking such measures, Defendants caused Hale's injuries.

37.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 3:
## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983
## (ALL DEFENDANTS)

38.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

---

[1] Count 2 is pled based on a nonfrivolous argument for extending, modifying, or revising existing law, or for establishing new law.  Fed. R. Civ. P. 11(b)(2).

39.     Hale had a fundamental substantive due process right to personal security and bodily integrity extending specifically to the right to be free from sexual abuse.

40.     Because Defendants imposed a special relationship on Hale by holding her in custody, Defendants owed Hale a special duty of protection against violation of their due process rights.

41.     Defendants' conduct was so oppressive that it shocks the conscience.

42.     Defendants' conduct was intended to injure Hale in a way unjustifiable by any government interest.

43.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

**COUNT 4:**
**FOURTEENTH AMENDMENT – SUPERVISORY LIABILITY – 42 U.S.C. § 1983**
**(DEFENDANT ROBBINS)**

44.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

45.     Defendant Pennington violated Hale's Fourteenth Amendment rights.

46.     Defendant Robbins encouraged Defendant Pennington's unconstitutional conduct in that he officially authorized, approved, or knowingly went along with it.

47.     Defendant Robbins set in motion a series of acts by Defendant Pennington, or knowingly refused to terminate a series of acts by Defendant

Pennington, which he knew or reasonably should have known would cause
Defendant Pennington to inflict constitutional injury.

48.     In addition to compensatory damages, interest, expenses, and court
costs, Hale is entitled to punitive damages and an award of attorney fees in
prosecuting this action, pursuant to 42 U.S.C. § 1988.

**COUNT 5:**
**FOURTEENTH AMENDMENT – *MONELL* LIABILITY – 42 U.S.C. § 1983**
**(DEFENDANTS BOYLE COUNTY AND WAITS)**

49.     Plaintiff incorporates by reference the allegations previously set forth
in this Complaint.

50.     Defendant Boyle County's, Defendant Marion County's, and Defendant
Robbins' respective training programs were inadequate to train their employees to
carry out their duties.

51.     Defendant Boyle County, Defendant Marion County, Defendant
Robbins, or all of them failed to adequately supervise or discipline their employees.

52.     Defendant Boyle County's, Defendant Marion County's, and Defendant
Robbins' respective failures to adequately train, supervise, or discipline their
employees amounted to deliberate indifference to the fact that inaction would
obviously result in the violation of the right to be free from sexual abuse.

53.     Defendant Boyle County's, Defendant Marion County's, and Defendant
Robbins' respective failures to adequately train, supervise, or discipline their
employees proximately caused the violation of Hale's right to be free from sexual
abuse.

54.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 6:
## NEGLIGENCE
## (ALL DEFENDANTS)

55.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

56.     It was Defendants' duty to exercise ordinary care for the safety of other persons, including Hale, to avoid foreseeable injuries.

57.     Defendants knew or should have known Hale was at risk of injury.

58.     Defendants' breach of their duty was a substantial factor in causing Hale's injuries.

59.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 7:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

60.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

61.     Defendants' conduct in sexually abusing Hale or in failing to stop Pennington's sexual abuse though they knew or should have known about it, was extreme and outrageous.

62.     Defendants' extreme and outrageous conduct intentionally or recklessly caused Hale severe emotional distress.

63.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 8:
## VIOLATION OF KRS 446.070
## (DEFENDANT PENNINGTON)

64.     Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

65.     Defendant's conduct constitutes violations of KRS 510.060 (rape in the third degree), KRS 510.090 (sodomy in the third degree), KRS 510.020 (sexual abuse in the second degree), and KRS 510.140 (sexual misconduct).

66.     Defendant's statutory violations caused Hale severe injuries.

67.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 9:
## BATTERY
## (DEFENDANT PENNINGTON)

68.     Pennington's conduct constitutes an unlawful touching of Hale's person.

69.     Pennington's conduct injured Hale.

70.     In addition to compensatory damages, interest, expenses, and court costs, Hale is entitled to punitive damages.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant the following relief:

1.     Judgment in her favor against Defendants and an award of actual and punitive damages, for Defendants' unlawful actions;

2.     An award of attorney fees, costs, and expenses incurred in prosecuting this action, pursuant to 42 U.S.C. § 1988;

3.     Trial by jury; and

4.     All other relief to which Plaintiff may be entitled.

Respectfully submitted,


/s/ Aaron Bentley
Aaron Bentley
abentley3B@gmail.com
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, Kentucky 40059
(502) 690-6054
*Counsel for Plaintiff*